**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francine Gibson, | No. CV-23-01012-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Cartwright Elementary School District, | |
| Defendant. | |

**I.**

Plaintiff was employed as a public-school teacher with the Cartwright Elementary School District ("CESD"). It appears that, after the 2022-2023 academic year, her contract was not renewed. She alleges that she filed complaints with the Equal Employment Opportunity Commission and the Arizona Attorney General's Civil Rights Division. These agencies declined to pursue charges but issued a right-to-sue letter. Plaintiff now sues CESD alleging violations of the United States Constitution's First Amendment right to freedom of speech and expression, the Fourth Amendment's right to privacy, a Fourteenth Amendment due process violation, and a violation of the equal protection clause. Plaintiff asserts her federal constitutional violations under 28 U.S.C. § 1983. Plaintiff also asserts a federal claim for relief under 28 U.S.C. § 1331. Finally, Plaintiff asserts a state-law claim for teacher abuse under A.R.S. § 15-507.

CESD has moved to dismiss. (Doc. 8) The Court will grant the Motion.

…

**II.**

Federal courts are courts of limited jurisdiction. In each case, the Court is under an independent duty to evaluate jurisdiction. For the reasons explained below, the Court finds that CESD's first objection based on insufficient service of process is well-taken. Plaintiff's failure to effect service is jurisdictional and mandates dismissal.

CESD is the only defendant named in this case, and Plaintiff must serve process on all members of the school district governing board. Rule 4(j)(2), Fed. R. Civ. P., states that

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

In the context of a multi-member school district governing board, Arizona courts have interpreted the phrase "chief executive officer" to mean every member of the district's governing board. *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 933 (Ariz. Ct. App. 2009). Thus, each member of the school district must be served with process.

Plaintiff did not serve any of the governing board members. She instead served the human resources director and, later, the executive assistant to the superintendent. Nothing in the record suggests that the human resources director was allowed to accept service. Nor is there evidence that the executive assistant could accept service or that the superintendent exercised the functions of chief executive officer. *See id.* at 934.

In an action against a school district, this Court held before that a plaintiff's failure to serve the governing board members constituted a jurisdictional defect. *Atkins v. Creighton Elementary Sch. Dist.*, No. CV-11-729-PHX-SRB, 2012 WL 12893446, at *4 (D. Ariz. June 26, 2012). The same is true here. Plaintiff's lack of service of process means

that this Court is without jurisdiction to consider her case. The Court must grant the Motion to Dismiss without evaluating any of CESD's remaining arguments.

### III.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 8) is **granted without prejudice** for insufficient service of process.

2. The Clerk of Court is instructed to close this case. Judgment shall not be entered at this time because the order of dismissal is without prejudice.

Dated this 16th day of August 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge